Michael A. Moberly, Esq.
HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
Telephone: 907-276-5297
Facsimile: 907-276-5291
E-mail: mike@akdefenselaw.com
Alaska Bar No. 9612073

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OFFSHORE INC., a Delaware corporation, and SHELL GULF OF MEXICO INC., a Delaware corporation,<br><br>   Plaintiffs,<br><br> v.<br><br>GREENPEACE, INC., a California corporation, and JOHN and JANE DOES 1-20,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:15-cv-00054-SLG |

**MOTION FOR RECONSIDERATION OF ORDER AT DOCKET 21**
**(Granting 7.1(c) motion at Docket 14)**

COMES NOW Defendant Greenpeace, Inc. (Greenpeace USA), by and through its counsel of record, Hozubin, Moberly, Lynch & Associates, and hereby requests reconsideration of the Court's Order at Docket 21 granting Plaintiffs' (collectively "Shell") Motion for Hearing on Shortened Time.[1] Brought pursuant to Local Rule 7.2(c), and seeking hearing on Shell's Motion for Temporary

---

[1] Docket No. 14

Restraining Order (Rule 65),[2] Shell requested a hearing "on or before Friday, April 10, 2015, if at all possible and, in any event, as soon as this court can be available."[3] As the basis for the Court accommodating expedited hearing, Shell merely refers to the four declarations and "the pleadings filed in this matter."[4]

Shell's request for hearing on shortened time should be denied. The Court acted on the request without any opportunity for Greenpeace, Inc. (Greenpeace USA) to respond. Given the opportunity to respond, Greenpeace, Inc. (Greenpeace USA) partially non-opposes hearing of the TRO on an expedited basis – by Monday, April 13, 2015.

First, Shell's motion for shortened time fails to comply with Local Rule 7.2(c).[5] Rule 7.2(c)(1)[A] has four requirements. Subsection 1 states that a motion for shortened time "must be accompanied" by an "affidavit" explaining and setting out the four requirements.

Subsection (i) states that the affidavit must explain "why shortened time is needed." Shell's attached affidavit[6] attempts to incorporate by reference declarations made by Shell employees

---

[2] Docket No. 8.
[3] Docket No. 14 at 1.
[4] Id.
[5] If this hearing were continued until Monday, April 13, 2015, Shell would have a chance to file a motion that does comply with this Court's Rules.
[6] Docket 15 – Declaration of Jeffrey Leppo.

Motion for Reconsideration of Order at 21
SHELL et al. GREENPEACE et al.
3:15-cv-00054-SLG
Page 2

Case 3:15-cv-00054-SLG   Document 27   Filed 04/09/15   Page 2 of 6

and allegations in other pleadings. The main premise of the motion for shortened time is that "Greenpeace has already taken unlawful action in an effort to irreparably harm Shell. Accordingly, immediate relief is required as of the date of this filing."[7] Shell Oil has not presented any evidence to this Court that Greenpeace USA, the party before this Court, had anything to do with events involving this vessel.

Subsection (ii) requires that the affidavit explain "efforts made to work out the problem with counsel for other parties." The affidavit indicates that he had contact with undersigned counsel for Greenpeace, Inc. (Greenpeace USA), and that "Shell arranged for electronic and other service" of Shell's filings," including its motion for shortened time. Undersigned counsel received Shell's motion for shortened time at 12:42 pm, after having received in the preceding minutes Dockets 1-14, consisting of over 600 pages of documents.

Subsection (iii) is similar to the above subsection and requires that the affidavit explaining "positions counsel for the other parties take." No effort was made to learn of Greenpeace, Inc.'s (Greenpeace USA) position on Shell's request for expedited hearing.

Subsection (iv) requires explanation of "what dates are of significance." This is perhaps the most significant defect in

---

[7] Id. at 2.

Motion for Reconsideration of Order at 21
SHELL et al. GREENPEACE et al.
3:15-cv-00054-SLG
Page 3
Case 3:15-cv-00054-SLG   Document 27   Filed 04/09/15   Page 3 of 6

the motion for hearing on shortened time and, indeed, in the TRO motion itself. It is extremely difficult to find any concrete dates in any of Shell's pleadings requiring urgent court action prior to some date.

In this Court's discretion, denying the motion for hearing on shortened time would be without prejudice to filing a motion that complies with the local rules.

Shell's request for hearing on shortened time is also lacking factually. Other than making broad-sweeping allegations warranting urgent court intervention in the motion itself, Shell states that its motion is supported by declarations filed in the case.[8] Yet, the declarations referred to in the motion fail to demonstrate such urgency. Michael Battle's declaration[9] makes no statement as to why urgent court action is needed, or by what date, and otherwise generally refers to economic harm Shell may suffer if injunctive relief is not granted.[10] Rocky Lee's declaration[11] makes no statement at all in support of Shell's request. David George's declaration[12] speaks to safety issues of concern[13], all of which concern maneuvers of and around vessels, but offers no timeframe by which Court attention is needed. The

---

[8] See Docket Nos. 11 (Declaration of Michael Battle), 10 (Declaration of Rocky Lee), 12 (Declaration of David George), and 13 (Declaration of Veronica Keithley).
[9] Docket 11.
[10] E.g., id. at 5, ¶¶ 12-13.
[11] Docket 10.
[12] Docket 12.
[13] Id. at 5-6 - ¶19, 10-11 - ¶28, 14-15 - ¶¶ 38-41.

Motion for Reconsideration of Order at 21
SHELL et al. GREENPEACE et al.
3:15-cv-00054-SLG
Page 4

Declaration of Veronica Keithley[14] merely speaks of reviewing websites[15] and makes no reference to critical dates for Court action.

Lastly, Federal Rule of Civil Procedure 65, itself, guarantees the relief Shell is seeking. The Court could entertain expedited consideration, inherent in the request for a TRO, by a simple showing by the moving party (Shell) of that need. As noted above, none of Shell's submissions in the case demonstrate that Court action on the TRO prior to Monday, April 13, 2015, is necessary.

DATED this 9th day of April 2015.

> HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
> Attorneys for Defendant
> Greenpeace, Inc., a California corporation
>
> By: /s/ Michael A. Moberly
> Michael A. Moberly, Esq.
> 711 M Street, Suite 2
> Anchorage, AK 99501
> Telephone: 907-276-5297
> Facsimile: 907-276-5291
> E-mail: mike@akdefenselaw.com
> Alaska Bar No. 9612073

---

[14] Docket 13.
[15] The admissibility of which are suspect and will be opposed in opposition to Shell's Motion for Judicial Notice at Docket 16.

Motion for Reconsideration of Order at 21
SHELL et al. GREENPEACE et al.
3:15-cv-00054-SLG
Page 5
Case 3:15-cv-00054-SLG   Document 27   Filed 04/09/15   Page 5 of 6

CERTIFICATE OF SERVICE
I hereby certify that on the
9th day of April, 2015, a true
and correct copy of the foregoing
was ELECTRONICALLY served on:

Jeffrey W. Leppo, Esq.
Ryan P. Steen, Esq.
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101


HOZUBIN, MOBERLY, LYNCH & ASSOCIATES

By: /s/ Michael A. Moberly
9100/537/plead/Mtn for Reconsideration of Order at 21

Motion for Reconsideration of Order at 21
SHELL et al. GREENPEACE et al.
3:15-cv-00054-SLG
Page 6
Case 3:15-cv-00054-SLG   Document 27   Filed 04/09/15   Page 6 of 6