IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OFFSHORE, INC., a Delaware corporation, and SHELL GULF OF MEXICO INC., a Delaware corporation,<br><br>                  Plaintiffs,<br>     v.<br>GREENPEACE, INC., a California corporation, and JOHN and JANE DOES 1-20,<br><br>                  Defendants. | Case No. 3:15-cv-00054-SLG |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SCHEDULING FURTHER PROCEEDINGS

Before the Court at Docket 8 is Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Rule 65). This Order addresses the motion for a temporary restraining order. Greenpeace, Inc. ("Greenpeace USA") responded to that motion on April 9, 2015. No reply was filed as the Court considered the motion for the temporary restraining order on shortened time. Oral argument was held on April 10, 2015.

Plaintiffs Shell Offshore, Inc. and Shell Gulf of Mexico, Inc. (collectively "Shell") filed a Verified Complaint on April 7, 2015 that alleges four causes of action: (1) intentional tortious interference with maritime navigation, (2) trespass and trespass to chattels, (3) private nuisance, and (4) civil conspiracy. The Complaint identifies Greenpeace USA and 20 unnamed persons as Defendants.[1] Shell's Complaint also refers to "Greenpeace," which Shell alleges is comprised of Greenpeace USA along with the individuals and

---

[1] *See* Docket 1 (Compl.).

entities affiliated with and acting in concert with it. In setting out the allegations in Shell's Complaint, the Court has strived to duplicate Shell's use of these two terms.

Shell's Complaint alleges as follows: Shell is engaged in final preparations to conduct oil exploration offshore of Alaska on the Outer Continental Shelf during the 2015 open water season (July to October) in the Arctic Ocean. Two vessels controlled by Shell, the *Blue Marlin* and the *Noble Discoverer*, are currently in the Pacific Ocean under way from Malaysia bound for Washington State, from where they will proceed to Alaska. The *Blue Marlin* is a heavy transport vessel presently loaded with the *Polar Pioneer*, an arctic drilling vessel. After the *Noble Discoverer* and *Polar Pioneer* arrive in Alaska, Shell alleges that these vessels will engage in drilling operations supported by at least 28 support vessels and numerous aircraft.[2]

Shell's Complaint alleges that the Greenpeace vessel *Esperanza* has been following the *Polar Pioneer* and the *Noble Discoverer* since they left Malaysia in early March, 2015.[3] Shell alleges that on March 23, 2015, "Greenpeace launched a rigid inflatable boat from the *Esperanza* and spent two hours circling the *Blue Marlin*," conducting activity including "stopping in the path of the *Blue Marlin* to see if it would change course, positioning itself in the sun's reflection ahead of the *Blue Marlin*, and proceeding directly at the *Blue Marlin* before veering away."[4] Shell alleges that

---

[2] Docket 1 (Compl.) at 7–9.

[3] Docket 1 (Compl.) at 18.

[4] Docket 1 (Compl.) at 18. *But see* Docket 30 (Decl. of Robin Taylor) at ¶ 6 (denying those allegations).

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 2 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 2 of 13

Greenpeace developed a website called The Crossing that documents the pursuit and features six activists that Greenpeace represented as preparing to do something "extraordinary."[5] Shell alleges that "[o]n April 6, 2015, six members of the crew of the *Esperanza*, including Greenpeace USA's representative, member, and employee Aliyah Field . . . boarded the *Blue Marlin* on the high seas approximately 750 miles northwest of Hawaii," and scaled the *Polar Pioneer*. It appears undisputed that as of the date of oral argument on the motion, April 10, 2015, these individuals remain on the *Polar Pioneer*.[6]

> Shell's Complaint alleges that the
>
> actual and threatened actions of Greenpeace USA and those acting in concert with it are in furtherance of a carefully staged direct action campaign of illegal and extremely unsafe activities directed against Shell for the purpose of unlawfully preventing, or otherwise unlawfully disrupting, delaying, and interfering with, oil and gas exploration drilling in the United States Outer Continental Shelf . . . of the Chukchi Sea adjacent to Alaska's northwestern coast.[7]

Shell alleges that Greenpeace USA's disruption of those activities would cause Shell irreparable harm and endanger Shell's vessels, facilities, property, and personnel.[8] Shell also references this Court's prior grant of preliminary injunctive relief against Greenpeace USA in 2012, in which Greenpeace USA was ordered not to interfere with a number of Shell vessels and to remain outside of designated safety zones around those vessels

---

[5] Docket 1 (Compl.) at 2.

[6] Docket 1 (Compl.) at 2–3.

[7] Docket 1 (Compl.) at 2–3.

[8] *Id.*

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 3 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 3 of 13

within the United States' Exclusive Economic Zone. Shell indicates that it is seeking similar relief here.[9]

Shell's Complaint alleges that Greenpeace USA is headquartered in the District of Columbia, has an office in Juneau, Alaska, and is registered in Alaska as a non-profit corporation. Shell alleges that Greenpeace USA is acting in a concerted action with Greenpeace International and other Greenpeace national offices. And Shell alleges that "Greenpeace USA controls all operations occurring in the United States and that no Greenpeace operations are to occur in the United States without Greenpeace USA's consent."[10]

## JURISDICTION

The Court has subject matter jurisdiction to the extent conferred by 28 U.S.C. § 1332(a) because the parties are considered to have diversity of citizenship.[11] The Court has subject matter jurisdiction on the high seas to the extent conferred by 28 U.S.C. § 1333 admiralty jurisdiction. And to the extent necessary and applicable, the Court has additional grounds for subject matter jurisdiction pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) and 43 U.S.C. §§ 1333(a)(1) and 1349(b)(1) (grants of subject matter jurisdiction pursuant to the Outer Continental Shelf Lands Act).[12]

---

[9] *See Shell Offshore Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839 (D. Alaska 2012), *aff'd* 709 F.3d 1281 (9th Cir. 2013).

[10] Docket 1 (Compl.) at 5.

[11] Both Shell companies are Delaware corporations, while Greenpeace USA is alleged to be a California non-profit corporation with its principal place of business in the District of Columbia. Docket 1 (Compl.) at 4.

[12] *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1288 (9th Cir. 2013) (holding the

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 4 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 4 of 13

Greenpeace USA does not challenge the Court's personal jurisdiction over it, and has entered a full appearance in this action.[13] Greenpeace USA suggests that injunctive relief by this Court is inappropriate because some of the activists currently aboard the *Polar Pioneer* may not be within the personal jurisdiction of this Court.[14] The full extent of the Court's jurisdictional authority need not be determined at this juncture, for the Court clearly has the necessary jurisdictional authority to enjoin Greenpeace USA.

## DISCUSSION

A party seeking a temporary restraining order must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) a temporary restraining order is in the public interest.[15]

I. Likelihood of Success on the Merits

The Court finds that Shell is likely to succeed on the merits of one or more of its claims against Greenpeace USA. A Greenpeace USA employee and American citizen is one of the six activists currently aboard the *Polar Pioneer* without authorization, and

---

district court had jurisdiction under 28 U.S.C. §§ 1332(a) and 1367(a) and 43 U.S.C. § 1333(a)(1) over "vessels that were neither in U.S. territorial waters . . . nor attached to the seabed . . . [but] transiting through the U.S. EEZ").

[13] *See* Fed. R. Civ. P. 12; *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

[14] Docket 28 (Opp.) at 21–26.

[15] *Sierra Forest Legacy v. Mark Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also* Fed. R. Civ. P. 65(b)(1). Because Shell satisfies each of the elements of the four-factor test, at least as it concerns the *Polar Pioneer*, the *Blue Marlin*, and the *Noble Discoverer*, the Court will not analyze Shell's request under the Ninth Circuit's modified "sliding scale" test. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011).

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 5 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 5 of 13

Greenpeace USA is actively promoting a website supporting the activists' actions.[16] Accordingly, for the purposes of a temporary restraining order, Shell has made a sufficient showing that Greenpeace USA is involved in the activities around and aboard the *Polar Pioneer* to warrant a finding that Shell will likely succeed on the merits of one or more of its claims of intentional tortious interference with maritime navigation, trespass and trespass to chattels, private nuisance, and civil conspiracy that Shell had pled against Greenpeace USA.

II. Likelihood of Irreparable Harm

Shell has also demonstrated that it is likely to suffer immediate irreparable harm if injunctive relief is not ordered with respect to the *Polar Pioneer*, the *Blue Marlin*, and the *Noble Discoverer*. As noted above, six activists are presently aboard the *Polar Pioneer* in the middle of the Pacific Ocean without authorization. The Greenpeace vessel the *Esperanza* is allegedly regularly supplying those activists with provisions, requiring smaller Greenpeace boats to approach the *Blue Marlin* to reach these activists. And Shell alleges that the *Polar Pioneer* and nearby *Noble Discoverer* vessels are key components necessary to accomplish its Arctic drilling project goals during the upcoming limited 2015 drilling season.

The Court finds that Greenpeace USA's role in perpetuating the presence of activists aboard the *Polar Pioneer* creates a likelihood of immediate irreparable harm to

---

[16] Before the Court at Docket 16 is a Motion for Judicial Notice as to a number of exhibits detailing Greenpeace's website and press releases, among other items. For the purposes of this Order only, the Court has taken judicial notice of Greenpeace USA's website entries and transcripts of Greenpeace USA's Executive Director relevant to this motion. *See, e.g.*, Docket 13-9–13-20.

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 6 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 6 of 13

Shell. Individuals that have climbed on to a vessel in the middle of the ocean with the express intention to stop Arctic drilling would appear likely to cause disruption and delay of the vessels intended for the summer drilling program.[17] Calculating the resulting financial harm to Shell of a partial or total disruption to Shell's planned Arctic operations for the summer of 2015 would be very difficult, making an injunction more warranted.[18] The Court further finds that the close proximity of the *Esperanza* and supply boats to Shell's vessels on the high seas creates additional likelihood of delay through disrupted navigation. Moreover, the Court finds that as long as the activists remain on the drilling vessel there is a likelihood for irreparable harm to Shell's property and personnel, as well as to the *Esperanza*'s crew and the activists themselves, particularly in the event of an emergency at sea, inclement weather, or navigational accident.[19] In accordance with these findings, the Court concludes that Greenpeace USA's current conduct and its intended goal to "stop Shell" in the ensuing months expose Shell to a likelihood of immediate irreparable harm with respect to the *Blue Marlin*, *Polar Pioneer*, and *Noble Discoverer*.

However, the Court finds that, on the current record, Shell has not shown a likelihood of irreparable harm as to each of the many other vessels that Shell has

---

[17] *See Shell Offshore*, 709 F.3d at 1288–89 (discussing the Court's authority to enjoin Greenpeace USA where "'stopping Shell and other oil companies from drilling in the Arctic is more likely than not one of the overall priority strategies of Greenpeace worldwide, as well as of Greenpeace USA.'" (quoting *Shell Offshore Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839, 848 (D. Alaska 2012)).

[18] *See id.* at 1290.

[19] *Cf. id.*

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 7 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 7 of 13

identified it may use in its 2015 summer drilling so as to support the entry of a temporary restraining order as to those other vessels at this time.

III. Balance of Equities

The Court finds that the balance of equities favors granting Shell's request for a temporary restraining order with regard to the three vessels. In particular, Shell has a significant and legally valid interest in conducting authorized exploration on its arctic leases without dangerous or tortious interference. Greenpeace USA's countervailing interests in conducting protests and monitoring drilling activities are also important, but not its interests in conducting illegal or tortious activities. Accordingly, the Court will accord certain injunctive relief to Shell, but narrowly tailor its order so as to minimize the impact on Greenpeace USA's legitimate interests.[20]

IV. Public Interest

Finally, injunctive relief to prevent illegal and tortious conduct is in the public interest.[21] Congress has recognized a public interest in the expeditious and orderly development of the Outer Continental Shelf that is consistent with the entry of this temporary restraining order.[22] And on the high seas in particular, there is a strong public interest in safe navigation.[23]

---

[20] *See id.* at 1291.

[21] *Cf. Institute of Cetacean Research v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 946 (9th Cir. 2013), ("Refusing the injunction sends the far more troublesome message that we condone violent vigilantism by U.S. nationals in international waters.").

[22] *Shell Offshore*, 709 F.3d at 1292.

[23] *See id.* (stating that "[o]ur laws . . . reflect a strong public interest in safe navigation on the high seas" and finding that Sea Shepherd's actions against whaling ships, which constituted piracy,

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 8 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 8 of 13

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

**A. A Temporary Restraining Order is Granted as follows:**

1. This Temporary Restraining Order applies to each of the following vessels when located on the high seas, in the United States Exclusive Economic Zone, in United States navigable and territorial waters and when located in port within the United States and its territories:

    a. *Polar Pioneer*;

    b. *Blue Marlin*; and

    c. *Noble Discoverer.*

2. With respect to each of the above-described vessels, Greenpeace, Inc. (also known as Greenpeace USA) and its officers, agents, servants, employees, and attorneys, and all others who are in active concert or participation with Greenpeace Inc. (also known as Greenpeace USA) and/or its officers, agents, servants, employees, and attorneys (collectively "Greenpeace"), who receive actual notice of this order by personal service or otherwise, are enjoined from:

    a. Breaking into or trespassing on the vessels;

    b. Tortiously or illegally interfering with the operation, movement or progress of the vessels;

---

were "at loggerheads with the public interest of the United States and all other seafaring nations in safe navigation of the high seas.").

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 9 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 9 of 13

c. Barricading, blocking, or preventing access to or egress from the vessels; and

   d. Tortiously or illegally endangering or threatening any employee, contractor or visitor of Shell or any of its affiliates who is present on, or as they enter or exit the vessels.

3. Greenpeace, Inc. (also known as Greenpeace USA) and its officers, agents, servants, employees, and attorneys, and all others who are in active concert or participation with Greenpeace, Inc. (also known as Greenpeace USA) and/or its officers, agents, servants, employees, and attorneys (collectively "Greenpeace"), who receive actual notice of this Temporary Restraining Order by personal service or otherwise, are enjoined from entering the safety zones established by paragraph 4 of this Temporary Restraining Order.

4. The following safety zones are established:

   a. From the effective date of this Temporary Restraining Order, while in transit on the high seas, in the United States Exclusive Economic Zone, in United States navigable and territorial waters (i.e., within 12 miles of the baseline shore), around the following vessels (including surface and subsurface areas):

      i. *Noble Discover*: 1000 meters (m).

      ii. *Blue Marlin*: 1000 m.

      iii. *Polar Pioneer*: 1000 m.

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 10 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 10 of 13

b. Each of the above-listed safety zones in subparagraph (a) shall be reduced to 100 meters for vessels transiting through narrow channels designated as piloted waters.

5. As of the effective date of this Temporary Restraining Order, Greenpeace, Inc. (also known as Greenpeace USA) and its officers, agents, servants, employees, and attorneys, and all others who are in active concert or participation with Greenpeace, Inc. (also known as Greenpeace USA) and/or its officers, agents, servants, employees, and attorneys (collectively "Greenpeace"), who receive actual notice of this Order by personal service or otherwise, are ordered to immediately remove themselves from the *Polar Pioneer* and surrender to the Master of the *Blue Marlin*, who will arrange for their removal from the *Blue Marlin* at a safe and appropriate location and time.

6. This Temporary Restraining Order is effective immediately and shall expire at **5:00 p.m.** on **April 28, 2015**. However, Shell shall place with the Clerk of the Court a cash bond or other appropriately secured undertaking to pay costs associated with the Temporary Restraining Order should it later be determined to have been wrongly issued in the amount of Five Thousand Dollars ($5,000.00) by **5:00 pm** on Monday, **April 13, 2015**. If Shell fails to comply with this paragraph, this Temporary Restraining Order will expire at that time.

7. The Court finds that there is good cause for the Temporary Restraining Order to expire on April 28, 2015 because if the Order expired 14 days after the date of its entry it would expire on Saturday, April 25, 2015, and counsel for Greenpeace USA

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 11 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 11 of 13

is not available for a hearing on the preliminary injunction on Monday, April 27, 2015, so that the hearing on Shell's motion for a preliminary injunction will be held on April 28, 2015, the day this Order is scheduled to expire and after both parties have been accorded time for full briefing of the motion for a preliminary injunction.[24]

8. Greenpeace USA may by motion seek to modify this Temporary Restraining Order so as to permit Greenpeace USA to more closely monitor Shell's activities within the safety zones established by this Order at such specific times, locations, and conditions that this Court may order after each party has been accorded an opportunity to be heard on any such motion.

**B. Scheduling Order**

1. On or before **April 17, 2015**, Shell may supplement its Motion for a Preliminary Injunction to provide additional declarations and/or argument to support its motion for preliminary injunctive relief with respect to each of the vessels that have not been addressed by the Temporary Restraining Order. The declarations and/or argument may include a discussion of why Shell is seeking preliminary injunctive relief for each vessel in each of the designated locations—i.e. ports not located in the Arctic ocean, in-transit, and/or the Chukchi sea.

2. Defendant's response to the Motion for a Preliminary Injunction shall be served and filed on or before **April 22, 2015**.

---

[24] *See* Fed. R. Civ. P. 65(b)(2).

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 12 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 12 of 13

3. Plaintiffs shall serve and file any reply on or before **12:00 p.m.** on **April 27, 2015**. In connection with its reply, Shell may file only declarations in direct rebuttal to any declarations filed by Defendant.

4. A hearing on Shell's Motion for a Preliminary Injunction is scheduled for **April 28, 2015 at 9:00 a.m.** in Courtroom 3 in Anchorage, Alaska.

5. The following procedure shall govern the hearing on the preliminary injunction motion:

    a. Each party shall be accorded a total of up to three hours for the presentation of any evidence and argument of counsel.

    b. A party may rely on the declarations submitted with its motion, opposition or reply in lieu of, or in addition to, the presentation of direct testimony by that witness, but only so long as the affiant is present at the hearing for cross-examination.

DATED this 11th day of April, 2015 at 3:21 p.m. at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:15-cv-00054-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Temporary Restraining Order and Scheduling Further Proceedings
Page 13 of 13

Case 3:15-cv-00054-SLG   Document 34   Filed 04/11/15   Page 13 of 13