Michael A. Moberly, Esq.
HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
Telephone: 907-276-5297
Facsimile: 907-276-5291
E-mail: mike@akdefenselaw.com
Alaska Bar No. 9612073

Matthew F. Pawa (*pro hac vice*)
Wesley Kelman (*pro hac vice*)
Benjamin A. Krass (*pro hac vice*)
PAWA LAW GROUP, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459
(617) 641-9550 · (617) 641-9551 (fax)
E-mail: mp@pawalaw.com
wkelman@pawalaw.com
bkrass@pawalaw.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OFFSHORE INC., a Delaware corporation, and SHELL GULF OF MEXICO INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE, INC., a California corporation, and JOHN and JANE DOES 1-20,<br><br>Defendants. | Case No. 3:15-cv-00054-SLG |

**DEFENDANT GREENPEACE, INC.'S**
**MOTION TO STRIKE PLAINTIFFS' HEARSAY EXHIBITS**
**(Fed. R. Ev. 403, 801(d)(2), 802)**

# INTRODUCTION

Defendants Shell Offshore Inc. and Shell Gulf of Mexico Inc. (collectively "Shell") ask the Court to take its discretion regarding the admissibility of evidence on a preliminary injunction motion to an extreme, wholly unprecedented level. Shell does not seek to supplement admissible evidence with certain discrete pieces of hearsay – such as, for example, a statement from one of its contractors who operates the vessels at issue – whose reliability the Court could reasonably ascertain or infer. Rather, Shell seeks to move into evidence a veritable mountain of rank hearsay *news items* gathered from a wide array of unfamiliar web sites all over the world. Not only are news items a notoriously unreliable form of hearsay, particularly in this day and age where anyone with a computer or smartphone and internet connection can become a reporter and publisher, but here Shell asks the Court to go as far out on a limb as one could possibly go by dint of (1) the sheer volume of news items it has submitted and (2) the exceptionally broad array of alleged web-based news sources of questionable reliability from literally all over the world. The fact that the Court has discretion to admit discrete pieces of hearsay evidence that could reasonably be adjudged reliable in no way supports Shell's efforts to drive an eighteen-wheel truck through the Court's discretionary authority. In considering whether to issue an injunction on a matter of grave public importance that would curtail Greenpeace USA's First Amendment rights, the Court should decline Shell's request to admit a mountain of "news" items and web pages from other Greenpeace organizations that are non-parties, lest the Court's discretionary authority be taken beyond the breaking point.

Motion to Strike Exhibits
SHELL et al. v. GREENPEACE et al.
3:15-cv-00054-SLG
Page 2
Case 3:15-cv-00054-SLG   Document 88   Filed 04/29/15   Page 2 of 7

## FACTUAL BACKGROUND

Shell has moved this Court to take judicial notice of various exhibits attached to declarations filed in this case.[1] Except for one document, a letter from Dockwise to Greenpeace, Inc. (Docket No. 42-1), all of Shell's proposed exhibits are listed Shell's "Amended Index to Exhibits" at Docket No. 76-1. Defendant Greenpeace, Inc. ("Greenpeace USA") has objected to Shell's Motion for Judicial Notice,[2] to which Shell has responded.[3] Greenpeace, Inc. has filed its own Motion for Judicial Notice,[4] seeking admission of exhibits attached to the Declarations of Mary Sweeters[5] and Carol McNeese.[6]

Greenpeace USA now asks this Court to strike certain of Shell's documents as either 1) rank hearsay[7] statements contained primarily in various news articles, or 2) hearsay contained in documents from other "Greenpeace" entities.[8] The remaining documents in the parties' exhibits consist of those from governmental sources or court documents,[9] or those statements attributable to Greenpeace, Inc.[10] Attached hereto as Exhibit A is a chart prepared by Greenpeace USA that lists those exhibits (or portions of exhibits) that are news items or other forms of hearsay such as web page printouts from Greenpeace entities that are not parties to this case. Greenpeace USA seeks to exclude all of the exhibits (or portions of exhibits) shaded in grey on Exhibit A. As the

---

[1] *See* Docket No. 16 (Motion for Judicial Notice), No. 13 (Declaration of Veronica Keithley, and exhibits 1-147 – at Docket Nos. 13-2 to 13-48 - attached thereto); *see also* Docket No. 44 (Shell's Supplemental Motion for Judicial Notice), No. 42 (Declaration of Joe'l Mafrige, and Exhibit A, Dockwise letter – Docket No. 42-1 – attached thereto), No. 43 (Second Declaration of Veronica Keithley, and exhibits 148 to 181 – Docket Nos. 43-2 to 43-37 - attached thereto), and No. 76 (Third Declaration of Veronica Keithley, and exhibit 182 – Docket No. 76-2 - attached thereto).
[2] Docket No. 52.
[3] Docket No. 67.
[4] Docket No. 66.
[5] Docket No. 62, and Exhibits A-D (Docket Nos. 62-1 to 62-4).
[6] Docket No. 63, and Exhibits A-OO (Docket Nos. 63-2 to 63-63).
[7] Fed. R. Ev. 802; Fed R. Ev. 801(c).
[8] Inadmissible under Fed. R. Ev. 801(d)(2)(A-E), Fed. R. Ev. 802.
[9] *See* Fed. R. Ev. 807; Fed R. Ev. 201(b) (sources not reasonably subject to dispute).
[10] Arguably admissible under Fed. R. Ev. 801(d)(2), though the court should further parse out the inadmissible hearsay within.

Motion to Strike Exhibits
SHELL et al. v. GREENPEACE et al.
3:15-cv-00054-SLG
Page 3
Case 3:15-cv-00054-SLG   Document 88   Filed 04/29/15   Page 3 of 7

Court will see, Shell's proposed exhibits include scores of "news items" gathered from sundry sources all over the world, including a blog from the website thestranger.com[11] and motherboard.vice.com.[12]

## ARGUMENT

The Court has discretion to admit evidence in a preliminary injunction proceeding that might otherwise be inadmissible.[13] The relaxed evidentiary standard at this stage is based upon a determination of "the urgency of obtaining a preliminary injunction [necessitating] a prompt determination."[14] It does not throw the Rules of Evidence completely out the window, for to do so would make a farce of rules that have evolved over centuries to ensure the fair administration of justice by basing decisions affecting the parties' most basic rights upon reliable and credible evidence. Where the Court may facilitate the prompt determination of the matter before it while still preserving the spirit if not the letter of the Rules, it should do so. The Rules contemplate that matters be determined on the "best evidence"[15] and fully authorize the Court to exclude evidence that does not promote that end.[16]

Here, Shell seeks to take unreasonable advantage of the Court's discretion. It has assembled a mountain of alleged news items from sundry sources all over the globe. But as one court has aptly stated: "Anyone can put anything on the Internet."[17] Rather than asking the Court to take a measured approach of supplementing admissible evidence with discrete pieces of inadmissible hearsay, Shell has backed up the metaphorical truck to the Courthouse and dumped

---

[11] Exh. 120 to Keithley Decl. (dkt no. 13-1).
[12] Exh. 155 to Keithley Decl. (dkt. no. 76-1).
[13] *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence *some weight*, when to do so serves the purpose of preventing irreparable harm before trial.") (emphasis added).
[14] *Id.*
[15] *See* Fed. R. Ev. 402 (irrelevant evidence inadmissible), 802 (hearsay excluded), 1002 (requirement of original).
[16] Fed. R. Ev. 403.
[17] *Cf. St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 775 (S.D. Tex. 1999).

Motion to Strike Exhibits
SHELL et al. v. GREENPEACE et al.
3:15-cv-00054-SLG
Page 4
Case 3:15-cv-00054-SLG   Document 88   Filed 04/29/15   Page 4 of 7

an internet-era news file of unreliable who knows what. Shell does not even make a pretense of defending the reliability of this information. And Shell has offered no reason why it could not have procured admissible evidence in its stead. Notably, Shell has had years to find and interview witnesses as the large majority of its allegations merely recycle the allegations from its 2012 lawsuit against Greenpeace USA, which it voluntarily dismissed. A company that can spend $7 billion on developing oil in the Alaskan Arctic,[18] certainly could have afforded to find some admissible evidence over a period of three years. Shell was ready to pounce with this lawsuit when the *Esperanza* crew boarded the *Blue Marlin* but, it terms of gathering witnesses and admissible documents, has sat on its hands for years despite the prior go-round from 2012.

Shell has apparently recognized the impropriety of admitting the news items in a preliminary injunction proceeding by repeatedly mixing together the news items with printouts from various Greenpeace web sites into single exhibits, as if by attaching one thing to another the Court would be unable to dissect one from another.[19]

Web page printouts from Greenpeace International or other non-Greenpeace USA entities are not admissions of Greenpeace USA, and thus should be excluded as hearsay. As one federal court held in excluding a statement from an alleged agent of a website owner as hearsay: "It is not, however, reasonable to infer an agency relationship from the mere fact of affiliation. Affiliation, without more, does not make a person an agent of a party to a lawsuit for purposes of Fed. R. Evid. 801(d)(2)(D)."[20]

---

[18] *See* Declaration of Michael J. Battle ¶13 (dkt. no. 11).
[19] Greenpeace USA recognizes that the Court's exclusion of news items should apply to both parties equally and thus a ruling in favor of Greenpeace USA on this motion will also result in exclusion of defense exhibits A, C, G, K, L, N, R, W, Y, BB, CC, EE, FF, GG and OO. *See* Exh. B (listing Greenpeace exhibits and highlighting those that would be excluded in grey).
[20] *DiMare v. RealtyTrac, Inc.*, 714 F. Supp. 2d 199, 207 (D. Mass. 2010); *see also Attorney Gen. of United States v. Irish Northern Aid Committee*, 530 F. Supp. 241, 253 (S.D.N.Y. 1981) ("Affiliation, without more, does not make a person an agent of a party to a lawsuit for purposes of F.R.E. 801(d)(2)(C), (D), and (E).").

Motion to Strike Exhibits
SHELL et al. v. GREENPEACE et al.
3:15-cv-00054-SLG
Page 5
Case 3:15-cv-00054-SLG   Document 88   Filed 04/29/15   Page 5 of 7

Judicial economy is also a factor here: limiting the exhibits promotes the efficient use of judicial resources.[21]

Finally, with respect to all exhibits in this case that remain, the Court should view them with the source, content and motivation of the declarant in giving them the weight, respective to their reliability, that they are due.

## CONCLUSION

The court should strike those proffered exhibits, detailed in Exhibit A and shaded in grey, that are rank hearsay or not otherwise admissible under an applicable hearsay exception.

DATED this 29th day of April 2015.

> HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
> Attorneys for Defendant
> Greenpeace, Inc., a California corporation
>
> By:   /s/ Michael A. Moberly
> Michael A. Moberly, Esq.
> 711 M Street, Suite 2
> Anchorage, AK 99501
> Telephone: 907-276-5297
> Facsimile: 907-276-5291
> E-mail: mike@akdefenselaw.com
> Alaska Bar No. 9612073
>
> Matthew F. Pawa (*pro hac vice*)
> Wesley Kelman (*pro hac vice*)
> Benjamin A. Krass (*pro hac vice*)
> PAWA LAW GROUP, P.C.
> 1280 Centre Street, Suite 230
> Newton Centre, MA 02459
> (617) 641-9550 · (617) 641-9551 (fax)
> E-mail: mp@pawalaw.com
> wkelman@pawalaw.com
> bkrass@pawalaw.com

---

[21] *Cf.* Fed. R. Ev. 403 (excluding nevertheless relevant evidence as cumulative, a waste of time or creating undue delay).

Motion to Strike Exhibits
SHELL et al. v. GREENPEACE et al.
3:15-cv-00054-SLG
Page 6
Case 3:15-cv-00054-SLG   Document 88   Filed 04/29/15   Page 6 of 7

CERTIFICATE OF SERVICE
I hereby certify that on the
29th day of April, 2015, a true
and correct copy of the foregoing
was ELECTRONICALLY served on:

Jeffrey W. Leppo, Esq.
Ryan P. Steen, Esq.
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101


HOZUBIN, MOBERLY, LYNCH & ASSOCIATES

By: /s/ Michael A. Moberly

Motion to Strike Exhibits
SHELL et al. v. GREENPEACE et al.
3:15-cv-00054-SLG
Page 7
Case 3:15-cv-00054-SLG   Document 88   Filed 04/29/15   Page 7 of 7