# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OFFSHORE, INC., a Delaware corporation, and SHELL GULF OF MEXICO INC., a Delaware corporation,<br><br>        Plaintiffs,<br>  v.<br><br>GREENPEACE, INC., a California corporation, and JOHN and JANE DOES 1-20,<br><br>        Defendants. | Case No. 3:15-cv-00054-SLG |

## ORDER RE EVIDENTIARY MOTIONS

Before the Court are five motions relating to evidence presented to the Court in connection with Shell's Motion for Preliminary Injunction. Oral argument was not requested on any of these motions and was not necessary to the Court's decision, although the issue of judicial notice was briefly discussed at the preliminary injunction hearing.

 I. <u>Shell's Motion for Judicial Notice (Docket 16) and Supplemental Motion for Judicial Notice (Docket 44); Greenpeace's Motion for Judicial Notice (Docket 66)</u>

Shell requests that the Court take judicial notice of numerous documents submitted as exhibits to the declarations of Veronica Keithley.[1] These documents include captured web content that appears to derive from Greenpeace USA websites, captured web content from other global Greenpeace USA affiliates and third parties, and documents and orders from the court docket in *Shell Offshore, Inc. v. Greenpeace, Inc.*, 3:12-cv-

---

[1] Dockets 16, 44.

00042-SLG. For its part, Greenpeace also requests that the Court take judicial notice of captured web content submitted as exhibits to the declaration of Carol McNeese.[2]

The parties have filed their motions for judicial notice pursuant to Local Rule 7.2(d)(2) of the District of Alaska's current local rules.[3] That local rule directs litigants to file a motion asking the court to take judicial notice of materials or information that is not readily available in print or that is from an internet site. But Evidence Rule 201 limits the type of facts of which a district court may take judicial notice to only those facts that are "not subject to reasonable dispute" because the fact is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[4] Granting judicial notice of a fact conclusively establishes that fact in a civil case.[5] Therefore, granting broad judicial notice of documents is not appropriate when those documents contain facts that may well be in dispute. Stated differently, the parties' motions for judicial notice each seek relief that is at odds with this Court's reading of Federal Rule of Evidence 201. Moreover, as both parties noted, each has submitted declarations attesting to the authenticity of the documents or website content. Accordingly, the Court has admitted the exhibits for

---

[2] Docket 66.

[3] *See* D.Ak. LR 7.1(d). This local rule is actively under review by a court advisory committee. The Court acknowledges and appreciate counsel's efforts to comply with the local rules.

[4] Evidence Rule 201(b). At the preliminary injunction hearing, the Court noted and acknowledged the tension between this evidence rule and the local rule with respect to motions for judicial notice.

[5] *See* Fed. R. Evid. 201(f) ("In a civil case, the court must instruct the jury to accept the noticed fact as conclusive.").

purposes of the preliminary injunction proceedings even though the Court is not taking judicial notice of them.[6] Accordingly, the motions at Dockets 16, 44, and 66 will all be denied.

    II.    <u>Motion to Strike and/or Exclude Lay Opinion Testimony (Docket 84)</u>

Greenpeace USA moves the Court to strike certain testimony contained within the declarations of two Shell witnesses—David George and Rocky Lee. In the Order Granting Motion for Preliminary Injunction, the Court relied upon the testimony of these witnesses. The Court acknowledged that by doing so, the Court was implicitly denying the Motion to Strike as to those witnesses.[7] This portion of this Order is intended to explain the basis for the Court's determination.

The Court finds that the objected-to portions of the declarations of Mr. George and Mr. Lee about safety zones at sea and in the air constitute expert opinion testimony, as that testimony was based on scientific, technical, or other specialized knowledge that would appear to fall within the scope of Rule 702.[8] Thus, Greenpeace USA's objection to their testimony as inadmissible lay opinion evidence is not applicable.

Greenpeace USA also asserts that each of these witness's opinions are conclusory and therefore inadequate. But the Court finds any deficiency with regard to the basis for the witness's opinions was sufficiently addressed in the context of a

---

[6] See Docket 93 (List of Exhibits) (Exhibit UU was not admitted); see also *Herb Reed Enters., LLC v. Florida Entm't Mgmt, Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013) ("Due to the urgency of obtaining a preliminary injunction at a point when there has been limited factual development, the rules of evidence do not apply strictly to preliminary injunction proceedings.").

[7] See Docket 111 (Prelim. Inj.) at 13 n.41.

[8] See Docket 84 at 5, 9; Fed. R. Evid. 701.

preliminary injunction hearing when Greenpeace USA was provided the declarations well in advance of the hearing and accorded the opportunity to cross-examine each of the declarants at the preliminary injunction hearing.  The Court has considered the deficiencies that Greenpeace USA has asserted with respect to the declarations in assessing the weight to accord to this testimony.  And yet, it bears noting in this regard that the objected-to testimony of these witnesses relating to the appropriate size of safety zones was unrebutted by any witness presented by Greenpeace USA at the preliminary injunction hearing, as it elected to rely instead upon cross-examination of Shell's witnesses and certain Coast Guard regulations.

Greenpeace USA asserts that if Mr. George and Mr. Lee's testimony is treated as expert testimony, then Shell failed to comply with the expert disclosure requirements of Civil Rule 26.  Greenpeace USA asserts that the Court should not have exercised its discretion to relax the expert disclosure rules in this case because Shell should have anticipated that Greenpeace USA would again be facing the same long-standing opposition by Greenpeace USA that occurred three years ago, such that Shell should have prepared its experts accordingly.  But Shell was not required to anticipate that a Greenpeace USA employee would climb onto Shell's contracted vessels in the middle of the Pacific Ocean and that emergency injunctive relief would need to be sought.  And, as Shell notes, at the initial scheduling hearing in this case held on April 10, 2015, both parties were accorded the opportunity to propose additional procedural requirements for the preliminary injunction hearing, but Greenpeace USA did not request further expert disclosures apart from the declarations that had already been provided to it at that time. In these circumstances, for purposes of the preliminary injunction hearing, the Court

declines to strike the testimony of Mr. George and Mr. Lee based on a lack of complete compliance with the pretrial disclosure requirements for experts set out in Civil Rule 26.

Greenpeace USA's motion to strike also objects to certain portions of the declaration of Michael Battle related to the safety risks associated with Greenpeace USA protests against Shell vessels.[9] Shell responds that these statements are not expert opinions, but are "common sense."[10] The Court did not accord any weight to the statements by Mr. Battle to which Greenpeace USA has objected; those particular statements did not assist the Court in applying the 4-factor preliminary injunction analysis in this case.[11] Rather, as discussed in the preliminary injunction order, the Court relied primarily on the testimony of Greenpeace USA's witness Mary Sweeters with respect to Greenpeace USA's future intended actions against Shell.[12] The Court concurs with Greenpeace USA that the objected-to statements by Mr. Battle would not be admissible under Rule 701 as lay opinion testimony. But given the more relaxed rules of evidence for preliminary injunction proceedings, the Court will not strike these statements from the record.

Accordingly, the Court has denied Greenpeace USA's Motion to Strike the testimony of the three Shell witnesses at Docket 84.

---

[9] See Docket 84 at 8-9, which lists the specific paragraphs to which objection is made.

[10] Docket 96 at 10.

[11] But see Docket 111 at 7, n.22 regarding that portion of the Battle Declaration at paragraph 5 upon which the Court did rely and that was not objected to by Greenpeace USA.

[12] Docket 111 at 6.

III. <u>Motion to Strike Plaintiffs' Hearsay Exhibits (Docket 88)</u>

In this motion, Greenpeace USA seeks an order that would strike from the record certain exhibits submitted by both Greenpeace USA and Shell in their extensive filings on Shell's motion for preliminary injunction. The Court admitted all but one of the parties' proposed exhibits at the April 28, 2015 preliminary injunction hearing.[13] At that hearing, Greenpeace USA orally raised an objection to the Court's consideration of numerous exhibits, then filed this motion the following day on April 29, 2015.

Greenpeace USA's motion to strike acknowledges that the Court has the discretionary authority to admit hearsay evidence when ruling upon a preliminary injunction. But as to the news stories Shell has filed, Greenpeace USA maintains that the "sheer volume" and "exceptionally broad array of alleged web-based news sources of questionable reliability" warrant exclusion. Greenpeace USA also seeks to strike from the record materials contained in Shell's exhibits that were obtained from other Greenpeace entities' websites.[14] And, for consistency, Greenpeace USA proposes to strike the news articles and similar exhibits that it itself submitted in opposition to Shell's motion.[15] In support of its motion, Greenpeace USA has filed charts which identify the exhibits, or portions of exhibits that it seeks to have stricken.[16]

---

[13] Docket 93 (Exhibit List) (Exhibit UU was not admitted).

[14] Docket 88 (Motion) at 2.

[15] Docket 98-2.

[16] Docket 98-1, 98-2 (Amended Corrected Exhibits A and B).

Shell responds that Ninth Circuit authority permits a district court to consider hearsay in deciding whether to issue a preliminary injunction.[17] Shell takes this authority to consider hearsay one step further, asserting that "[i]n asking the Court to 'strike' evidence on hearsay grounds, Greenpeace USA invites error."[18] Shell also observes that "Greenpeace USA has not factually disputed the accuracy of any of the statements that it asks the Court to strike."[19]

The Court issued its preliminary injunction order on May 8, 2015. In so doing, the Court relied heavily upon the testimony of Ms. Sweeters and Shell's witnesses as well as the parties' non-hearsay exhibits as identified by Greenpeace USA in its charts, and as to which Greenpeace USA has not raised any objection to admission. The Court accorded essentially no weight to the other extensive documentation submitted by each party, except to the extent that a witness agreed with and adopted certain hearsay statements at the preliminary injunction proceeding. And the Court has not determined—because it was not necessary for the Court to determine on the limited record and briefing on this topic before the Court at this juncture—whether or not the statements by other Greenpeace entities discussing the boarding of the *Polar Pioneer* are admissible nonhearsay against Greenpeace USA.[20] Rather, the Court simply accorded those

---

[17] Docket 97 (Opp.) at 2 (citing *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009)).

[18] *Id.* But see *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) ("It was within the discretion of the district court to accept . . . hearsay for purposes of deciding whether to issue the preliminary injunction.").

[19] Docket 97 (Opp.) at 4.

[20] Docket 97 (Opp.) at 6–7.

statements no weight in the issuance of the preliminary injunction against Greenpeace USA.[21] In light of the foregoing, and because the Ninth Circuit accords discretion to the district court to consider inadmissible evidence in a preliminary injunction proceeding, the Court will deny the motion to strike. In so doing, the Court also seeks to accord to both parties the complete record for appellate review.

For the foregoing reasons, IT IS ORDERED that the motions at Dockets 16, 44, 66, 84, and 88 are each DENIED.

DATED this 4th day of June, 2015 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[21] By this sentence in the text above, the Court intends to clarify and supplant the Court's statement on page 4 of the preliminary injunction at Docket 111 regarding the evidence upon which the Court relied for the issuance of the preliminary injunction.