Michael A. Moberly, Esq.
HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
Telephone: 907-276-5297
Facsimile: 907-276-5291
E-mail: mike@akdefenselaw.com
Alaska Bar No. 9612073

Matthew F. Pawa (*pro hac vice*)
Benjamin A. Krass (*pro hac vice*)
PAWA LAW GROUP, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459
(617) 641-9550  ·  (617) 641-9551 (fax)
E-mail: mp@pawalaw.com
bkrass@pawalaw.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OFFSHORE INC., a Delaware corporation, and SHELL GULF OF MEXICO INC., a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GREENPEACE, INC., a California corporation, and JOHN and JANE DOES 1-20,<br><br>　　　　　　Defendants. | Case No. 3:15-cv-00054-SLG<br><br>**DEFENDANT GREENPEACE, INC.'S INITIAL OPPOSITION TO SHELL'S EMERGENCY MOTION FOR ENTRY OF ORDER REQUIRING COMPLIANCE WITH PRELIMINARY INJUNCTION (#174)** |

Greenpeace USA submits this initial opposition to Shell's Emergency Motion for Entry of an Order Requiring Compliance With Preliminary Injunction. This opposition is an initial one because the exceptionally tight timeframe has precluded Greenpeace USA from preparing a proper opposition. Greenpeace USA respectfully reserves its right to submit a further opposition, if necessary.

## FACTS

Greenpeace USA climbers dropped down from the St. Johns Bridge in Portland beginning the night of July 28-29, and hung suspended on ropes above the Willamette River at least through the early morning of July 30. In addition, there are kayakers in the river who are not employees of, or directed by, Greenpeace USA.[1]

In its motion, Shell claimed that the *Fennica*, an icebreaker Shell allegedly has under contract, "is preparing to leave the Port of Portland," and is prevented from doing so by the climbers and kayakers. Motion at 4. But the *Fennica* never attempted to leave port until this morning – *i.e.*, did not attempt to leave until the Court questioned (in yesterday's hearing) whether Greenpeace USA had in fact violated the Court's order.

This morning the *Fennica* approached the bridge but apparently did not come within 100 meters of the bridge. The climbers and kayakers were still there. The *Fennica* stopped in front of the kayakers and then turned around – even though law enforcement personnel appeared to be on hand to try to ensure passage. The *Fennica* was apparently about 600 meters from the bridge when it turned around

---

[1] All facts are attested in the short declaration submitted by Thomas Wetterer, Greenpeace USA's general counsel that was filed by 8 am Alaska time as directed by the Court.

Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.
3:15-cv-00054-SLG
1

**STANDARD**

"The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (citations and quotation marks omitted). Failure to comply with any ambiguous or vague portions of an order is not contempt. *See Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir. 1982) (ambiguity precluded finding that party violated consent judgment, yet district court could properly clarify the ambiguous language and order future compliance with clarified consent judgment).[2]

**ARGUMENT**

**I.      Shell has not established that Greenpeace USA has violated the preliminary injunction.**

Although it has the burden of proving an unambiguous violation of the preliminary injunction by clear and convincing evidence, Shell's motion does not even say what portions of the injunction Greenpeace is violating. As far as Greenpeace USA is aware, the only potentially relevant parts of the preliminary injunction require Greenpeace USA (a) to be 100 meters from the *Fennica* when, as here, it is "transiting through narrow channels designated as piloted waters," and (b) not to "tortiously or illegally interfere with the … progress" of the *Fennica*. PI Order at 15, 18 (Dkt. #111)

---

[2] *See also* Fed. R. Civ. Pro. 65(d)(1)(B) & (C) (requiring that injunction "state its terms specifically" and "describe in reasonable detail . . . the act or acts sought to be restrained"). *Cf. Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) (vacating injunction that "left entirely unclear what it demanded"); *Louis W. Epstein Family P'ship v. Kmart Corp.*, 13 F.3d 762, 771–72 (3d Cir. 1994) (ordering district court to strike "catch-all" provision of injunction because it did not provide "fair notice as to all the conduct that is enjoined").

Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.
3:15-cv-00054-SLG
2

Case 3:15-cv-00054-SLG   Document 181   Filed 07/30/15   Page 3 of 6

There clearly has been no violation of the 100-meter safety zone. In addition, Shell has not proved a tortious or illegal interference with the progress of the *Fennica*. This is for three reasons. First, "tortiously or illegally" are terms too vague to be enforced by contempt, particularly where Shell has failed to identify at any point (in its motion or in correspondence with Greenpeace) any tort or crime the climbers have committed. *Vertex*, 689 F.2d at 892 (violations of vague provisions of order are not contempt). Second, the kayakers apparently constituted an independent impediment to the *Fennica*'s progress; even had the Greenpeace USA climbers been absent, the *Fennica* apparently would have stopped anyway. Third, the *Fennica* gave up so quickly, in the presence of law enforcement personnel who appeared to be ready and willing to assist its passage, that the Court cannot be certain on the present record why this occurred; it is certainly odd behavior. Shell has to this point never submitted any evidence of the *Fennica*'s schedule. For these reasons, there cannot possibly be clear and convincing proof of any "substantial" violation of the Court's order. *Id.* at 891.

## II. Greenpeace USA should be afforded a grace period to remove the climbers.

While Greenpeace USA submits that, for the foregoing reasons, no order should issue, in the event that the Court were to issue a cases and desist order, a three hour grace period would be warranted. As set forth in the Wettterer declaration filed today, it is expected to take Greenpeace USA three hours to remove its activists from the bridge, once it undertakes to initiate this removal. Greenpeace respectfully requests that it be afforded these three hours before Shell's proposed hourly sanction accrues in the event a cease and desist order were to issue. However, in the interest of candor, undersigned counsel is not making any representations as to how Greenpeace USA would respond to any such order given that Greenpeace USA is deeply committed to its principles. The three hour grace period would likely be sufficient, however.
Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.
3:15-cv-00054-SLG
3

# CONCLUSION

Greenpeace USA respectfully requests that Shell's motion be denied.

Dated: July 30, 2015

>Respectfully submitted,
>
>By: /s/ Michael A. Moberly
>
>Michael A. Moberly, Esq.
>HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
>711 M Street, Suite 2
>Anchorage, AK 99501
>Telephone: 907-276-5297
>Facsimile: 907-276-5291
>E-mail: mike@akdefenselaw.com
>Alaska Bar No. 9612073
>
>Matthew F. Pawa (*pro hac vice*)
>Wesley Kelman (*pro hac vice*)
>Benjamin A. Krass (*pro hac vice*)
>PAWA LAW GROUP, P.C.
>1280 Centre Street, Suite 230
>Newton Centre, MA 02459
>(617) 641-9550 · (617) 641-9551 (fax)
>E-mail: mp@pawalaw.com
>wkelman@pawalaw.com
>bkrass@pawalaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2015, a true and correct copy of the foregoing was electronically sent to the following:

Christopher Weiss, Esq.
Jeffrey W. Leppo, Esq.
Ryan P. Steen, Esq.
Jason Morgan, Esq.
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101

Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.
3:15-cv-00054-SLG
4

Case 3:15-cv-00054-SLG   Document 181   Filed 07/30/15   Page 5 of 6

PAWA LAW GROUP, P.C.

By: /s/ Benjamin A. Krass